**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00013-MR
[CRIMINAL CASE NO. 1:13-cr-00080-MR-DLH-1]**

| | |
|---|---|
| EVARISTO URIOSTEGUI-GALARZA, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255." [Doc. 1]. For the reasons that follow, Petitioner's motion will be denied and dismissed.

## I.  BACKGROUND

On February 10, 2014, Petitioner entered into a written plea agreement with the Government in which he agreed to plead guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  On January 16, 2015, Petitioner was sentenced to a mandatory minimum term of 120 months' imprisonment.  Petitioner did not file a direct appeal.  The Court received Petitioner's present motion on January 12, 2016.

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

The Antiterrorism and Effective Death Penalty Act (AEDPA), provides in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In this collateral proceeding, Petitioner contends that his sentence should be reduced by six months because he is an illegal alien that will be deported following his release from the custody of the Federal Bureau of

Prisons and consequently, Petitioner will not enjoy the benefit of release to a community correctional facility pursuant to 18 U.S.C. § 3624(c) prior to the expiration of this term of imprisonment. [Doc. 1 at 2].[1]

Many district courts that have examined similar claims for relief under § 2255 uniformly have concluded that illegal aliens are not entitled to sentencing relief merely because they are deemed ineligible for community confinement because of the likelihood of future deportation. See, e.g., Lizarraga-Lopez v. United States, 89 F. Supp. 2d 1166, 1169 (S.D. Cal. 2000) ("As a preliminary matter, the Court notes that the statute does not guarantee placement into community confinement for *any* federal prisoner *regardless* of citizenship status; rather, such placement is required only 'to the extent practicable.'") (emphasis in original); Fagiolo v. Smith, 326 F. Supp. 2d 589, 593 (M.D. Pa. 2004) (citing Lizarraga-Lopez and collecting cases)). The Court finds the reasoning of these cases persuasive and therefore concludes that Petitioner is not entitled to relief under § 2255.

---

[1] Section 3624(c) provides, in relevant part, that the Director of the Bureau of Prisons "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of the prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c).

To the extent that Petitioner's motion can be construed as a motion to correct or otherwise modify his sentence, Petitioner fares no better. A district court "may not modify a term of imprisonment once it has been imposed" except in the following limited circumstances: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances are applicable in the present case. Accordingly, Petitioner's request for a modification of his sentence must be denied.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief and therefore his motion will be denied and dismissed. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. §

2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255" [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 29, 2016

Martin Reidinger
United States District Judge