THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:13-cr-00080-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>EVARISTO URIOSTEGUI-GALARZA, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act of 2018" [Doc. 34].

On February 19, 2014, the Defendant pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On January 16, 2015, the Defendant was sentenced to a mandatory minimum term of 120 months' imprisonment. [Doc. 28]. The Judgment noted that upon release from imprisonment, the Defendant "is to be surrendered to a duly-authorized immigration official for deportation." [Id. at 3].

The Defendant now moves for a reduction of his sentence pursuant to various provisions of the First Step Act of 2018, Pub. L. 115-391, which was enacted on December 21, 2018. Many of the provisions cited by the Defendant, however, are either not applicable retroactively or simply are not applicable to his offense of conviction. See, e.g., First Step Act of 2018 § 402, Pub. L. 115-391, 132 Stat. 5194 (2018) (no retroactive application of broadening of safety valve); § 403 (modifying provisions of § 924(c)); § 502 (reauthorizing certain projects and grant programs); § 507 (requiring evaluation of the Second Chance Act program).

The Defendant also cites Section 602 of the First Step Act as a basis for relief but concedes that he is not eligible to serve his term of imprisonment in home confinement due to his status as a deportable alien. [See Doc. 34 at 2]. In light of his ineligibility for home confinement, the Defendant argues instead that the Court should simply reduce his term of imprisonment by a period of six (6) months pursuant to Section 603 of the Act.

Section 603(a) of the First Step Act reauthorizes and amends the Second Chance Act of 2007, 34 U.S.C. § 60541(g), which allows for the transfer of elderly and terminal ill inmates to home detention under certain circumstances. The discretion to release a prisoner to home confinement, however, lies solely with the Attorney General. See 34 U.S.C. § 60541. As

such, this Court lacks the authority to order the Defendant's release under Section 603(a). Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original).

Section 603(b) of the First Step Act amends 18 U.S.C. § 3582(c)(1)(A), which allows a sentencing court to reduce an imposed sentence upon a showing that either: (1) "extraordinary and compelling reasons" exist which warrant a reduction; or (2) the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence under 18 U.S.C. § 3559(c), and the Bureau of Prisons Director has determined that the defendant is not a danger to the safety of any other person or the community. 18 U.S.C.§ 3582(c)(1)(A)(i) & (ii). Specifically, Section 603(b) modifies 18 U.S.C. § 3582(c)(1) to allow a defendant, not just the Director of the Bureau of

Prisons, to file a motion for compassionate release. Here, the Defendant has not stated any grounds for a reduction of sentence under § 3582(c)(1), nor has he alleged that he has fully exhausted his administrative remedies with respect to any such request. Therefore, Defendant's motion must be denied to the extent it seeks relief pursuant to Section 603(b) of the First Step Act.

For all these reasons, the Defendant's motion for a reduced sentence pursuant to the First Step Act of 2018 is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act of 2018" [Doc. 34] is **DENIED.**

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge